IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTHUR BRENNAN MALLOY,    )
AIS#101329,                     )
                                 )
         Petitioner,        )
                                 )
    v.                     )     CASE NO. 2:08-CV-934-TMH
                                 )         [WO]
                                 )
DAVID WISE, et al.,       )
                                 )
        Respondents.     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Brennan Malloy, ["Malloy"], a state inmate, on November 20, 2008.[1]  In this petition, Malloy challenges a conviction for armed robbery entered against him on September 30, 1970 by the Circuit Court of Lowndes County, Alabama.  Specifically, Malloy argues:  (i) He did not enter a guilty plea to a charge of armed robbery; (ii) He was not represented by counsel on the charge; and (iii) The trial judge, rather than a jury, determined guilt and imposed punishment.  *Petition for Habeas Corpus Relief - Court Doc.*

---

[1] Although the Clerk stamped the petition received on November 26, 2008, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Malloy certified he presented the petition to prison officials for mailing on November 20, 2008.  *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 8.  In light of the foregoing and for purposes of the proceedings herein, the court considers November 20, 2008 as the date of filing.

*No. 1* at 6.  The trial court sentenced Malloy to ten (10) years imprisonment for this conviction immediately upon entry of his guilty plea.  Malloy did not appeal the 1970 armed robbery conviction and this conviction therefore became final by operation of law in April of 1971.[2]  The sentence imposed for this conviction expired in 1980.[3]

In accordance with the orders of this court, the respondents filed answers in which they argue Malloy is entitled to no relief from the 1970 robbery conviction as he is not "in custody" pursuant to this conviction.  The respondents also argue the instant federal habeas petition is barred by the applicable limitation period as Malloy failed to file this § 2254 petition within the "grace period" adopted by the Eleventh Circuit.[4]  Specifically, the respondents maintain Malloy had until April 24, 1997 in which to file a § 2254 petition challenging his 1970 armed robbery conviction because this conviction became final in 1971, well before the effective date of the AEDPA, and he filed no state post-conviction petition challenging this conviction or sentence during the running of the relevant period of limitation which tolled the limitation period.  Although Malloy filed a state post-

_____

[2]In 1970, state law allowed six (6) months to file a direct appeal from a criminal conviction.

[3]Malloy is currently incarcerated on a sentence of life without parole imposed upon him in December of 1981 by the Circuit Court of Montgomery, Alabama for a first degree robbery conviction.

[4]The Anti-Terrorism and Effective Death Penalty Act [the "AEDPA"] sets forth a one-year period of limitation applicable to the filing of federal habeas petitions.  This Act became effective on April 24, 1996. The Eleventh Circuit, however, adopted a "grace period" for petitioners whose convictions became final prior to enactment of the AEDPA which allows such persons a reasonable time of "one year from the AEDPA's effective date"-- April 24, 1997 -- to file a federal habeas petition.  *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

conviction action pursuant to Rule 32 of the Alabama Rules of Criminal Procedure challenging his 1970 conviction on May 16, 2006, this action did not affect the running of the federal period of limitation as it was filed after the limitation period expired. Consequently, this Rule 32 petition was not "pending" during the requisite time period as required by the provisions of 28 U.S.C. § 2244(d)(2) for tolling purposes. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Thus, the respondents maintain that Malloy did not timely file the instant § 2254 petition as the federal limitation period expired on April 24, 1997.

Based on the foregoing, the court entered an order advising Malloy he did not meet the requisite custody requirement regarding his 1970 armed robbery and informing him

of his failure to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1) and the law of this Circuit. *Order of April 27, 2009 - Court Doc. No. 17* at 2-8. This order provided Malloy an opportunity to show cause why his habeas petition should not be precluded from federal review as untimely filed and/or dismissed for failure to satisfy the "in custody" requirement necessary to allow a federal habeas challenge to his 1970 conviction for armed robbery. *Id*. at 5, 8. In his response to this order, Malloy alleges he had no knowledge of his 1970 robbery conviction until May of 2006 when the Circuit Court of Montgomery County, Alabama relied on this conviction to deny him a reduction of his 1981 life without parole sentence and, therefore, the limitation period should not begin to run until the date he became aware of the conviction. *Petitioner's Response - Court Doc. No. 18* at 1-2. Malloy also maintains he is "in custody" on the 1970 conviction because without this conviction he is entitled to a reduction of his 1981 sentence under amendments to the Habitual Felony Offender Act. *Id*. at 2.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the instant habeas petition is due to be denied.

## II.  DISCUSSION

### A.  Challenged Conviction

The state court record regarding the 1970 armed robbery conviction demonstrates

Arthur Malloy, with his appointed attorney, appeared before the Circuit Court of Lowndes County, Alabama on September 30, 1970 upon indictment for armed robbery and entered a plea of guilty to this charge. *Respondents' Exhibit M (Transcript of Minutes - State of Alabama v. Malloy -- Lowndes County Case No. 283) - Court Doc. No. 16-3* at 1. The relevant portion of this document reads as follows:

> This the 30 day of Sept., 1970 [appeared] J. O. Bryan Solicitor, who prosecutes for the State of Alabama, and also ... the defendant in his own proper person and by his attorney and the said defendant being duly arraigned upon said indictment, for his plea thereto, says that (he is) guilty of Armed Robbery as charged in the indictment.
>
> And on this 30 day of Sept. 1970, the said defendant being now in open Court and being asked by the Court if he had anything to say why the judgment of the Court and the sentence of the law should not now be pronounced upon him says nothing. It is therefore considered by the Court and it is the judgment of the Court that the defendant is guilty as charged in the Armed Robbery indictment and it is the sentence of the law that the said defendant, the said Arthur Malloy be imprisoned in the PENITENTIARY of the State of Alabama for a term of 10 Ten years.
>
> 9-30-70 - Defendant [Arthur Malloy] being arraigned in open court in presence of his Court appointed Attorney pleads guilty [to the indictment for armed robbery.] Upon his plea of guilty the Court adjudges him guilty and Sentence him to 10 years in the penitentiary. This sentence to run concurrently with the sentence he is now serving from Jefferson County, Ala. for the offense of burglary.

*Id.*

## B. In Custody Requirement

Malloy is currently incarcerated on a life without parole sentence imposed upon him in December of 1981 by the Circuit Court of Montgomery County, Alabama for a first degree robbery conviction. Malloy concedes the 1970 armed robbery conviction was not

used to enhance his 1981 robbery sentence. Despite this concession, Malloy argues that absent his 1970 armed robbery conviction he is entitled to a reduction of his 1981 sentence under *Ala. Code* § 13A-5-9.1 and because the 1970 conviction has in an ancillary manner adversely impacted the length of his current sentence the "in custody" requirement is satisfied with respect to the 1970 conviction.[2]  In their answers, the respondents contend that since "Malloy's sentence on [the] 1970 [armed robbery] conviction has expired, he is not allowed to challenge the validity of the conviction.  The Supreme Court has held that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired. *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000), citing *Maleng v. Cook*, 490 U.S. 488 (1989)."  *Respondents' April 24, 2009 Supplemental Answer - Court Doc. No. 16* at 3.  Additionally, the respondents argue that

---

[2]"Section 13A-5-9.1 directs the sentencing judge or the presiding judge to apply the provisions of § 13A-5-9 retroactively, thereby making the benefits of the 2000 amendment to the HFOA available to inmates who were sentenced pursuant to the HFOA before it was amended in 2000.  Section 13A-5-9(c)(3), as amended in 2000, allows a sentencing judge to decide in certain circumstances whether a sentence of life imprisonment or life imprisonment without the possibility of parole is appropriate for a particular inmate. In making that decision, the sentencing judge does not have the power to decide the secondary issue - whether the defendant will be granted parole should the judge sentence him or her to "straight" life imprisonment. Under § 13A-5-9.1, a judge applying § 13A-5-9(c)(3) to a previously sentenced defendant merely has the authority to conduct a new sentencing hearing, and in the judge's discretion, to modify a previous sentence under which a defendant would never have been eligible for parole to a sentence of "straight" life imprisonment, under which a defendant might thereafter become eligible for parole, depending upon the factors then established by the Parole Board.....
"....
"... Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders." *Kirby v. State*, 899 So.2d 968, 973-974 (2004) (footnote omitted).

"[c]ontrary to Malloy's assertion, he is not 'in custody' pursuant to the 1970 robbery

conviction on which his sentence has expired.  [In accordance with prior case law which

since been reversed,] '[a] petitioner [was considered] 'in custody,' when he is incarcerated

under a current sentence that has been enhanced by an expired conviction.'  *See Unger v.*

*Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001); *Van Zant v. Fla. Parole Commn.*, 104 F.3d

325, 327 (11th Cir. 1997).  Malloy, [even under this previous lenient standard], cannot be

considered to be 'in custody' for the 1970 robbery conviction because the conviction was

not used to enhance his sentence on the current 1981 robbery conviction....  Malloy's claim

that the trial court refused to grant him a sentence reduction under Section 13A-5-9.1

because he was convicted of the 1970 robbery only alleges a collateral consequence of the

1970 robbery conviction, which is insufficient to satisfy the in-custody requirement

[necessary] to obtain relief under 28 U.S.C. § 2254(a)."  *Id.* at 3-5.[3]

---

[3]Generally, the use of a prior expired conviction for sentence enhancement purposes no longer
provides an exception to the "in custody" requirement as the law now clearly directs that a state inmate who
failed to pursue available remedies to challenge prior convictions or challenged such convictions
unsuccessfully may not collaterally attack the expired prior convictions through a § 2254 petition challenging
his current enhanced sentence.  *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567,
149 L.Ed. 2d 608 (2001); *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001).
"A prisoner, however, may challenge a prior [expired] conviction [used to enhance a subsequent criminal
sentence on which the petitioner is incarcerated] when: (1) counsel is not appointed [on the expired
conviction]...; or (2) no channel of review was available with respect to the prior conviction through no fault
of the petitioner." *Lackawanna*, 532 U.S. at 404-405, 121 S.Ct. at 1574-1575.  The evidentiary materials filed
herein establish counsel was appointed by the trial court and represented Malloy on the 1970 robbery
conviction.  *Respondents' Exhibit M (Transcript of Minutes -- State of Alabama v. Malloy, Lowndes County
Case No. 283) - Court Doc. No. 16-3* at 1.  Malloy's conclusory assertion to the contrary lacks vaildity.
Additionally, Malloy had both state and federal avenues of relief within which to challenge his 1970 armed
robbery conviction when imposed upon him, avenues he simply chose not pursue.  Thus, even had the 1970
conviction been used to enhance the 1981 life without parole sentence, neither of the situations allowing
attack on the 1970 conviction exists in this case.

The Habitual Felony Offender Act, as amended, allows a trial court, in its discretion, "to decide in certain circumstances whether a sentence of life imprisonment or life imprisonment without the possibility of parole is appropriate for a particular inmate." *Kirby*, 899 So.2d at 973.  This authority is accorded the state's trial judges by the legislature in an effort to determine whether a sentence of life or life without parole is unduly harsh under the circumstances relevant to the eligible inmate's underlying conviction.  "If a circuit court determines that an inmate is eligible for reconsideration of his or her sentence, the court then has the authority pursuant to § 13A-5-9.1 to resentence the inmate, within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if it so chooses.  If, on the other hand, the circuit court determines that the inmate fails to meet any or all of the eligibility requirements, then the circuit court must deny the inmate's § 13A-5-9.1 motion because a circuit court has jurisdiction to resentence only those inmates who meet [all of] the eligibility requirements of § 13A-5-9.1...."  *Holt v. State*, 960 So.2d 726, 735 (Ala.Crim.App. 2006).  The eligibility requirements attendant to sentence reduction are rationally related to the state's interest of ensuring equitable sentences for those nonviolent offenders who previously received mandatory sentences of either life imprisonment or life imprisonment without parole.

Initially, the court finds that Malloy has no constitutional right or entitlement to receive a sentence reduction under *Ala. Code* § 13A-5-9.1 nor is any such right created by state law as the granting of such reduction is completely discretionary.  *See Conlogue v.*

*Shinbaum*, 949 F.2d 378 (11ᵗʰ Cir. 1991); *see also Sandin v. Conner*, 515 U.S. 472 (1995). Although the statute contains language delineating which inmates are eligible for consideration of a reduction in their sentences, the statute does not create an interest in receiving a sentence reduction upon meeting the requisite eligibility criteria nor does it contain any language which restricts the discretion of judges in deciding whether an inmate should receive a sentence reduction. The state court denied Malloy a reduction of his 1981 sentence in accordance with the criteria set forth by applicable state law. Thus, Malloy's assertion that the denial of his motion for reconsideration of sentence based, in part, on the 1970 conviction renders him in custody on this conviction because he is otherwise entitled to a sentence reduction under the amendments to the Habitual Felony Offender Act is without merit.[4]

Federal law directs that a petitioner cannot challenge a conviction for which he is not currently in custody. "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody*

---

[4]To the extent Malloy seeks to challenge the state court's decision denying his motion for reconsideration of his 1981 sentence, this claim entitles him to no relief from this court. Under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.' *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11ᵗʰ Cir. 1983) (citations omitted)." *Curry v. Culliver*, 141 Fed.Appx. 832, 834 (11ᵗʰ Cir. 2005). Malloy's assertion that the state court improperly denied his motion for reconsideration of sentence because "he is entitled to a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1 ... is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief. *See Carrizales*, 699 F.2d at 1055." *Curry*, 141 Fed.Appx. at 834.

in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. §
2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a)." *Maleng v. Cook*, 490 U.S.
488, 490 (1989). The petitioner filed the instant habeas petition on November 20, 2008
challenging a 1970 conviction for armed robbery imposed upon him by the Circuit Court
of Lowndes County, Alabama. The sentence imposed for this robbery conviction expired
in September of 1980. In December of 1981, the Circuit Court of Montgomery County,
Alabama sentenced Malloy to life imprisonment without parole on a first degree robbery
conviction, a sentence ***not*** enhanced by the 1970 Lowndes County robbery conviction.
Any use of the 1970 armed robbery conviction by the Circuit Court of Montgomery
County, Alabama in denying Malloy relief on a § 13A-5-9.1 motion for reduction of the
1981 sentence is merely a collateral consequence of the 1970 conviction which does not
render Malloy "in custody" pursuant to the 1970 conviction. *Maleng*, 490 U.S. at 490-492;
*Birotte v. Secretary for Dept. of Corrections*, 236 Fed.Appx. 577, 579 (11th Cir. 2007)
(petitioner not "in custody" for purposes of federal habeas relief from prior expired
conviction utilized for issuance of order that petitioner be removed from the United States
as "removal order was merely a collateral consequence of the expired conviction under
attack...."). It is therefore clear that Malloy is not "in custody" pursuant to the 1970
robbery conviction as is required for purposes of a habeas attack on such conviction.

In light of the foregoing, the court concludes that the petition for writ of habeas
corpus filed by Arthur Brennan Malloy on November 20, 2008 is due to be dismissed for

10

lack of subject-matter jurisdiction as Malloy is not "in custody" on the 1970 armed robbery

conviction challenged in the instant petition. *Maleng,* 490 U.S.at 490; *Means*, 209 F.3d at

1242.

## C.  The Federal Period of Limitation

Even if Malloy established the "in custody" requirement, the records before the court

demonstrate the instant federal habeas petition is barred by the period of limitation

applicable to this petition.

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on

April 24, 1996 and amended the habeas corpus statute to include a one-year period of

limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified

at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws
>> of the United States is removed, if the applicant was prevented
>> from filing by such State action;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been
>> newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.

11

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari, the time to apply for certiorari expires or this avenue of relief no longer exists.  *Id.*

On September 30, 1970, Malloy entered a guilty plea before the Circuit Court of Lowndes County, Alabama to a charge of armed robbery and the trial court immediately imposed sentence for this conviction.  Malloy did not appeal his armed robbery conviction. Since Malloy failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of this conviction.  By operation of state law in effect at

the time of this conviction, Malloy's 1970 armed robbery conviction became final in April of 1971.   Thus, if this court retroactively applied the AEDPA, the one-year period of limitation contained in section 2244(d)(1)(A) would have expired on Malloy's 1970 robbery conviction in April of 1972.   However, the law is well settled that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Malloy], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]."   *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).   Prisoners in this position must therefore be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions and "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."   *Id*.

1. **Statutory Tolling Under 28 U.S.C. § 2244(d)(2)**.   Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."   On May 16, 2006, Malloy filed a state post-conviction action under Rule 32 of the Alabama Rules of Criminal Procedure challenging his 1970 armed robbery conviction.   However, this state post-conviction action did not toll the one-year period of limitation relevant to the present federal habeas petition because it was filed after the one-year period of limitation had

expired and such action was therefore not "pending" during the requisite time period as required by the provisions of 28 U.S.C. § 2244(d)(2) for tolling purposes. *Webster*, 199 F.3d at 1259; *Moore*, 321 F.3d at 1381; *Tinker*, 255 F.3d at 1335 n.4. In light of the foregoing, the federal period of limitation began to run on April 24, 1996 and, absent equitable tolling, expired on April 24, 1997. *Wilcox*, 158 F.3d at 1211.

     **2. Equitable Tolling of the Limitation Period**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

14

Malloy argues the limitation period should be equitably tolled until May of 2006 when he became aware of the existence of the 1970 armed robbery conviction. *Petitioner's Response - Court Doc. No. 18* at 1 ("The statute of limitations, in the instant case, begins to run 'on the date of petitioner's becoming aware of the false documents alleging that the petitioner had been convicted of the charge of armed robbery in Lowndes County in 1970.").   It is clear, however, that Malloy had knowledge of his 1970 armed robbery conviction at the time he entered the guilty plea underlying this conviction.   Moreover, in various pleadings filed with the state courts, Malloy concedes knowledge of the 1970 armed robbery conviction as far back as the sentencing proceedings related to his 1981 robbery conviction. *Respondents' Exhibit A (Malloy's Brief on Appeal from Denial of Motion for Reconsideration of Sentence) - Court Doc. No. 9-1*; *Respondents' Exhibit B (State's Reply Brief on Appeal from Denial of Motion for Reconsideration of Sentence) - Court Doc. No. 9-2*.   Specifically, Malloy advises that during the sentencing proceedings related to his 1981 robbery conviction *he* presented arguments challenging the validity of the 1970 armed robbery conviction and due to these arguments the Circuit Court of Montgomery County, Alabama refused to utilize the 1970 conviction for purposes of sentence enhancement.[5]

---

[5]Although Malloy alleges the Circuit Court of Montgomery County deemed the prior 1970 armed robbery conviction invalid and unconstitutional, he presents no evidence in support of this allegation and the only evidence before the court establishes the existence of this prior conviction. *Respondents' Exhibit M (Transcript of Minutes -- State of Alabama v. Malloy, Lowndes County Case No. 283) - Court Doc. No. 16-3.*

Malloy's conclusory, self-serving allegation that he had no knowledge of the prior 1970 armed robbery conviction until May of 2006 is refuted by the record in this case and, therefore, fails to warrant equitable tolling. In addition, Malloy has not set forth the existence of any extraordinary circumstance that prevented him from filing a timely federal petition for habeas corpus relief. Malloy likewise presents nothing which demonstrates he exercised diligence in pursuing his claims for relief before this court in a § 2254 petition. The record is therefore devoid of evidence that Malloy's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). This court "cannot say that [Malloy] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court [to grant the rare and extraordinary remedy of equitable tolling].' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, Malloy is not entitled to equitable tolling of the limitation period.

**3. Expiration of the Limitation Period**. Malloy's armed robbery conviction became final in April of 1972. The federal limitation period therefore began to run on April 24, 1996 and ran interrupted without either statutory or equitable tolling until its expiration on April 24, 1997. Malloy filed the instant petition for federal habeas relief on November 20, 2008, over eleven (11) years after expiration of the one-year period of

16

limitation contained in 28 U.S.C. § 22444(d)(1).  Malloy has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Brennan Malloy on November 20, 2008 be DENIED as Malloy is not "in custody" on the 1970 armed robbery conviction challenged in the instant petition and has failed to file the petition within the applicable one-year period of limitation.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before February 18, 2011 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of February, 2011.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE